IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>on behalf of the Rural Housing Service, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>KIMBERLY J. LEWIS, a single person; )<br>HOUSING AUTHORITY OF THE )<br>CHEROKEE NATION; )<br>COUNTY TREASURER, Rogers County, )<br>Oklahoma; and )<br>BOARD OF COUNTY COMMISSIONERS, )<br>Rogers County, Oklahoma; )<br> )<br>Defendants. ) | Case No. 14-CV-51-TCK-PJC |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment filed September 3, 2013 (Doc. 22), in which the United States of America, on behalf of the Rural Housing Service ("Plaintiff"), seeks judgment against Defendant Kimberly J. Lewis ("Lewis") for breach of a promissory note and foreclosure of its mortgage. Lewis did not file a response to Plaintiff's motion. Defendants Housing Authority of the Cherokee Nation ("Housing Authority"); County Treasurer of Rogers County, Oklahoma ("County Treasurer"); and Board of County Commissioners of Rogers County, Oklahoma ("Board") have filed responses indicating that they do not object to entry of judgment in favor of Plaintiff as long as the Court accords each entity's claim the proper priority. (*See* Docs. 26, 27.) For the reasons states herein, Plaintiff's motion is granted.

**I.  Factual Background**

On September 15, 2006, Lewis executed and delivered to Plaintiff a promissory note in the amount of $106,500.00, payable in monthly installments, with interest thereon at the rate of 6.25

percent per annum ("Note"). As security for the Note, Lewis executed and delivered to the United States a real estate mortgage dated September 15, 2006 ("Mortgage"), covering the following described real property ("Property") located in Rogers County, Oklahoma:

> Lot Seventeen (17) of WHISPERING WINDS, a Subdivision in Section 3, Township 21 North, Range 17 East of the Indian Base and Meridian, Rogers County, Oklahoma, according to the recorded Plat thereof.

The Mortgage was recorded on September 21, 2006, in Book 1808, Page 36, in the records of Rogers County, Oklahoma.

Lewis defaulted under the terms of the Note and Mortgage by failing – and continuing to fail – to make the monthly installments due thereon. Therefore, Lewis is indebted to Plaintiff in the principal sum of $110,590.02, plus unpaid fee advances in the amount of $7,943.97, plus accrued interest in the amount of $13,464.01 as of August 26, 2013, plus interest accruing thereafter at the rate of 6.25 percent per annum or $18.94 per day, and the further sum due and owing under the subsidy granted in the amount of $9,263.30.

The County Treasurer and Board only claim an interest in the Property to the extent any *ad valorem* taxes or special assessments are due or become due during the pendency of this action, together with interest, penalties, and any costs as provided by law. The Housing Authority's claim to the Property arises from non-payment of a second note and mortgage on the Property. The Housing Authority is owed $3,763.00.

## II.  Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite*

*Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

Under Rule 56(e)"[i]f a party . . . fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." The Tenth Circuit has held that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The district court must still make the determination that judgment for the moving party is appropriate under Rule 56. *Id.*

### III. Analysis of Plaintiff's Motion for Summary Judgment

Since the allegations of Plaintiff are not contested and are supported by competent evidence, the Court finds no genuine issue of material fact exists. Accordingly, the only question remaining for this Court is whether the facts, as set forth, are sufficient to grant summary judgment in favor of the United States and whether the law would support such a finding under the facts.

Plaintiff's claim for breach of the Note is essentially a breach of contract claim. *See Wells Fargo Bank, N.A. v. Heath*, 280 P.3d 328, 334 (Okla. 2012) ("A promissory note is a negotiable instrument and a negotiable instrument is a contract."). A breach of contract claim requires three

elements: (1) formation of a contract, (2) breach of the contract, and (3) damages as a direct result of the breach. *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). The evidence in Plaintiff's motion and attached to Plaintiff's complaint satisfies these elements, and Plaintiff is entitled to judgment on its claim for breach of the Note.

To prevail on its mortgage foreclosure claim, Plaintiff need only establish (1) the existence of a valid mortgage, and (2) a default under the terms of the mortgage. *Fed. Deposit Ins. Corp. v. Garrett*, No. CIV-12-52, 2012 WL 5845233, at *6 (E.D. Okla. 2012) (citing *U.S. Bank, N.A. ex rel. Credit Suisse First Boston Heat 2005-4 v. Alexander*, 280 P.3d 936, 938 (Okla. 2012)). Plaintiff has demonstrated both of these elements in the evidence attached to its Complaint and Motion, and Plaintiff is entitled to judgment on its claim for foreclose of the Mortgage.

Accordingly, the Court finds Plaintiff is entitled to judgment on its claims for breach of the Note and foreclosure of the Mortgage.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 26) is GRANTED. Plaintiff shall submit a proposed judgment as to all claims, approved as to form by Housing Authority, County Treasurer, and Board.

**IT IS SO ORDERED** this 21st day of November, 2014.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**